IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRADLEY MANDELA HOUSTON, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:24-CV-28 (MTT) |
| ) | |
| Officer HAMLIN, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pro se Plaintiff Bradley Houston filed this 42 U.S.C. § 1983 action against Officer Hamlin, alleging that she violated the First Amendment by opening his legal mail outside of his presence.  Doc. 1.  Officer Hamlin has moved for summary judgment, and Houston has moved for a temporary restraining order.  Docs. 19; 25.  United States Magistrate Judge Alfreda L. Sheppard recommends granting Officer Hamlin's motion for summary judgment (Doc. 19) and denying Houston's motion for a temporary restraining order (Doc. 25).  Doc. 28.  While Houston has not objected, he filed a reply brief in support of his motion for a temporary restraining order after the Report and Recommendation was entered.[1]  Doc. 30.  The Court, thus, construes Houston's reply as an objection.  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed de novo the portions of the Recommendation to which Houston objects.

---

[1] On April 30, 2025, Houston moved for an extension of time to file an objection.  Doc. 31.  The Magistrate Judge granted him a 14-day extension.  Doc. 32.  It has been one month since the objection's due date, and Bradley has not filed an objection.

Houston raises two objections. First, Houston states that "Hamlin eliminated the remaining mail workers when asked about issues and grievances concerning mail." Doc. 30 at 1. It is unclear what Houston means by "eliminate," but he previously argued that Officer Hamlin's admission that no other mail room employee violated mailroom procedure supports his claim. Doc. 21-1 at 4. Assuming he intends to reassert that argument, evidence that other mail room employees did not open Houston's mail outside of his presence is not evidence that Officer Hamlin did.

Second, Houston contends that, contrary to the Magistrate Judge's conclusion, his claim is supported by "circumstantial evidence," not speculation. Doc. 30. Houston admits that he was in solitary confinement on the day in question, that an inmate delivered Houston's mail to him, and that the inmate did not say who gave him the mail or whether it was open when the inmate received it. Doc. 19-3 at 19:18; 37:2-38:14. Nonetheless, Houston testified that he knew Officer Hamlin gave his mail to the inmate, opened, because "she's the only person [he has] ever seen" delivering his mail. Doc. 19-13 at 35:17-22. He further testified that he thinks he saw her delivering mail earlier that day, and he believes "she did not want to come back" to deliver more mail because "she was lazy." *Id.* at 36:5-14. However, Houston does not provide any factual basis for his testimony. Houston's testimony is, thus, based on speculation. Houston has provided no evidence, circumstantial or otherwise, by which a reasonable jury could find that Officer Hamlin opened his legal mail outside of his presence in violation of the First Amendment.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 28) is

-3-

**ADOPTED** and made the Order of the Court.  Accordingly, Officer Hamlin's motion for summary judgment (Doc. 19) is **GRANTED**.  Houston's motion for a temporary restraining order (Doc. 25) is **DENIED**.

**SO ORDERED**, this 16th day of June, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT